UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILHELMINA WILCOX,

    Plaintiff,

v.                                                Case No:   6:17-cv-280-Orl-37TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Wilhelmina Wilcox appeals to this Court from Defendant, the Commissioner of Social Security's final decision denying her application for supplemental security income. I have reviewed the record, including the administrative law judge's ("ALJ") decisions, the Appeals Council's orders, the exhibits, and the joint memorandum submitted by the parties. For the following reasons, I respectfully recommend that the Commissioner's final decision be **affirmed.**

### Background[1]

On September 10, 2012, Plaintiff applied for supplemental security income benefits, alleging disability due to bipolar disorder, depression, anxiety, schizophrenia, arthritis of both hands, hypertension, trigger fingers in both hands, carpal tunnel in both hands, mental health, and physical limitations ("First Application") (Tr. 84-85, 101). She alleged an onset date of June 24, 2010 (Tr. 84-85, 245-253, 264). Her claims were denied initially and on reconsideration (Tr. 125-130, 135-139). At Plaintiff's request, the ALJ held a hearing, and on November 15, 2013, he found her not disabled (Tr. 6-29). On August 8,

---

[1] The information in this section comes from the parties' joint memorandum filed on November 6, 2017 (Doc. 16).

2014, the Appeals Council denied Plaintiff's request for appellate review (Tr. 1-4). Plaintiff appealed the decision to this Court and on March 15, 2016, the Court reversed the Commissioner's final decision and remanded the case back to the ALJ for further administrative proceedings (Tr. 696-715); see Wilcox, *supra* note 1.

On October 13, 2014, sixty-six days after the Appeals Council denied her request for review – and four days after appealing the Commissioner's adverse decision to this Court, Plaintiff filed a new application for supplemental security income ("Second Application") (Tr. 719). On April 14, 2016, a different ALJ issued a favorable decision on the Second Application and found that Plaintiff was disabled as of October 13, 2014 (Tr. 722-733). On May 11, 2016, the Appeals Council (1) affirmed the ALJ's decision on the Second Application, (2) vacated the ALJ's November 15, 2013 decision on the First Application, as directed by this Court's remand order, and (3) remanded the case to the ALJ for an evaluation of Plaintiff's status during the time period prior to October 13, 2014 (Tr. 717-720).

The ALJ held an administrative hearing on August 24, 2016 and on December 7, 2016, issued another unfavorable decision on Plaintiff's First Application for disability benefits prior to October 13, 2014 (Tr. 627-642). Plaintiff was fifty-two years old, with a middle school education, and past work as a janitor and sorter pricer when the ALJ made his decision (Tr. 23, 632).[2]

Once again, Plaintiff appealed the Commissioner's final adverse decision to this Court. She has exhausted her administrative remedies and her case is ripe for review.[3]

---

[2] See also Wilcox v. Comm'r Soc. Sec., Case No. 6:14-cv-1643-DAB, Doc. 22 at 2.

[3] The parties' joint memorandum states that Plaintiff waited sixty-one days from the date of the ALJ's decision for it to become final (Doc. 16 at 2). Ordinarily, "a claimant obtains the Commissioner's 'final decision' only after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination, (3) hearing before an ALJ; and (4) Appeals Council review." Pizarro v. Comm'r of Soc. Sec., No. 6:12-cv-801-Orl-37DAB, 2013 WL 869389, at *3 (M.D. Fla. Jan. 24, 2013). But, in

### The ALJ's Decision

When determining whether someone is disabled, the ALJ must follow the Commissioner's five-step sequential evaluation process which appears in 20 C.F.R. § 416.920(a)(4). The ALJ must determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and at step five, the burden shifts to the Commissioner. Id., at 1241 n.10; Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).

The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date (Tr. 629). At step two, the ALJ found that Plaintiff was severely impaired by carpal tunnel syndrome; trigger fingers; essential hypertension; asthma; obesity; degenerative disc disease; affective disorder; borderline intellectual functioning; alcohol addiction; and substance abuse (Tr. 629). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Pt.

---

the cover letter accompanying his decision, the ALJ said:

> If [Plaintiff does] not file written exceptions [to the ALJ's decision] and the Appeals Council does not review [the] decision on its own, [the ALJ's] decision will become final on the 61st day following the date of this notice. After [the] decision becomes final, [Plaintiff] will have 60 days to file a new civil action in Federal district court …

(Tr. 625). So, despite the fact that the Appeals Council did not review the ALJ's December 7th decision, I find that Plaintiff has exhausted her administrative remedies, as they were explained to her in the ALJ's cover letter. The Commissioner has not raised a jurisdictional objection to Plaintiff's cause of action and this case should proceed on the merits.

404, Subpt. P, App. 1 (20 CFR §§ 416.920(d), 416.925 and 416.926) (Tr. 630-631). Before proceeding to step four, the ALJ determined that Plaintiff had the residual functional capacity to,

> [P]erform sedentary work as defined in 20 CFR 416.967(a), except she could frequently operate hand controls with both hands. She was able to reach overhead, reach in all other directions, handle and finger with both hands. She was able to reach overhead, reach in all other directions, handle and finger with both upper extremities frequently. She was able to climb ramps and stairs frequently and climb ladders, ropes, and scaffolds occasionally. She could occasionally stoop, kneel, crouch, or crawl and frequently balance. She was not able to be exposed to unprotected heights or moving mechanical parts, and was not to be required to operate motor vehicles. She could have occasional exposure to dust, odors, fumes, and pulmonary irritants. She was never to be exposed to extreme cold and only occasionally to extreme heat. She was limited to performing simple, routine tasks and making simple work related decisions. She was limited to occasional contact with supervisors, coworkers, and the general public. She could tolerate few changes in a routine work setting.

(Tr. 631-641). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work (Tr. 641). But, the ALJ ultimately concluded at step five that there were other jobs in the national economy – table worker, ampule sealer, and lens inserter – that Plaintiff could perform and therefore, she was not disabled (Tr. 641-642).

## Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as

- 4 -

adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

The only issue Plaintiff raises on appeal is that the ALJ committed reversible error by failing to call a medical expert to determine her onset date of disability, in violation of Social Security Ruling 83-20[4] (Doc. 16 at 17-20). Plaintiff argues that the ALJ did not point to any evidence that demonstrated any material change in her condition between October 12, 2014 and October 13, 2014, and the ALJ's decision regarding the status of her disability prior to October 13th was not based on substantial evidence:

> It is unclear why the ALJ found Ms. Wilcox's testimony not credible through October 12, 2014, but then found it credible as of the next day. The ALJ committed reversible error by failing to call a medical expert to determine Ms. Wilcox's onset date of disability.

(Id., at 20).

---

[4] "Although Social Security Rulings are not binding, we accord the rulings great respect and deference if the underlying statute is unclear and the legislative history offers no guidance." Caces v. Comm'r Soc. Sec., 560 F. App'x 936, 938 (11th Cir. 2014).

Plaintiff claims that the ALJ's duty to obtain the input of a medical expert to determine her onset date is established by Social Security Ruling 83-20, which provides:

> In addition to determining that an individual is disabled, the decisionmaker must also establish the onset of disability. In many claims, the onset date is critical ... Consequently, it is essential that the onset date be correctly established and supported by the evidence, as explained in the policy statement.
>
> . . . .
>
> **POLICY STATEMENT**: The onset date of disability is the first day an individual is disabled as defined in the Act and the regulations. Factors relevant to the determination of disability onset include the individual's allegation, the work history, and the medical evidence. These factors are often evaluated together to arrive at the onset date. However, the individual's allegation or the date of work stoppage is significant in determining onset only if it is consistent with the severity of the condition(s) shown by the medical evidence.
>
> . . . .
>
> In disabilities of nontraumatic origin, the determination of onset involves consideration of the applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity. The weight to be given any of the relevant evidence depends on the individual case.
>
> . . . .
>
> The available medical evidence should be considered in view of the nature of the impairment (i.e., what medical presumptions can reasonably be made about the course of the condition). The onset date should be set on the date when it is most reasonable to conclude from the evidence that the impairment was sufficiently severe to prevent the individual from engaging in SGA (or gainful activity) for a continuous period of at least 12 months or result in death. Convincing rationale must be given for the date selected.

1983 WL 31249, at *1-3 (1983). The Eleventh Circuit has not addressed, in a published decision, whether the Commissioner must obtain medical evidence to establish the onset date for a claimant who is not disabled. But, it has expressed its position on the matter in

- 6 -

several unpublished cases[5] including Klawinski v. Comm'r Soc. Sec., 391 F. App'x 772, 776 (11th Cir. 2010) and Caces v. Comm'r Soc. Sec., 560 F. App'x 936, 939 (11th Cir. 2014). In both cases, the Eleventh Circuit found that SSR 83-20 did not trigger the use of a medical expert to determine an onset date unless the evidence supported a finding of disability. See Klawinski, 391 F. App'x at 776 ("We conclude that the ALJ did not contravene SSR 83-20 because the ALJ ultimately found that Klawinski was not disabled, and SSR 83-20 only required the ALJ to obtain a medical expert in certain instances to determine a disability onset date after a finding of disability."); Caces, 560 F. App'x at 939 ("The plain language of SSR 83-20 indicates that it is applicable only after there has been a finding of disability and it is then necessary to determine when the disability began ... Therefore, because the ALJ did not find that Caces was disabled, and because that finding is supported by the evidence, the ALJ did not err in failing to call a medical expert to determine an onset date of such a disability.").

Plaintiff argues that SSR 83-20 applies to her case because the ALJ found her to be disabled on a subsequent claim (Doc. 16 at 19) (citing McManus v. Barnhart, No. 5:04-cv-67-OC-GRJ, 2004 WL, 3316303 (M.D. Fla. Dec. 14, 2004)). Herein lies the fatal flaw in Plaintiff's argument. Unlike McManus,[6] Plaintiff's case involves two separate applications for disability benefits and two distinct adjudication periods: the adjudication period for the First Application was September 10, 2012 (the date her application was filed) through October 12, 2014; and the adjudication period for Plaintiff's Second Application was

---

[5] Unpublished opinions of the Eleventh Circuit constitute persuasive, but not binding authority. See 11th Cir. R. 36-2.

[6] McManus is also distinguished because there, the Court determined that "Plaintiff's impairment was a slowly progressive one and that the ALJ was required to make a retroactive inference regarding the onset and existence of disability, and thus SSR 83-20 is implicated." 2004 WL 3316303, at *6-7. In the instant case, there's no evidence that Plaintiff suffers from a slowly progressive impairment or that the ALJ was required to make a retroactive inference regarding the existence of her disability.

- 7 -

October 13, 2014 (the date her application was filed) onward. Plaintiff's emphasis on the fact that the ALJ who approved her claim for disability as of October 13, 2014 is the same ALJ who later issued an unfavorable decision for the period prior to October 13, 2014 misses the point (Doc. 16 at 17-20). By arguing that SSR 83-20 is triggered because the same ALJ found her to be disabled on the Second Application, but not the First Application, conflates the two applications and their close, but distinct, adjudication periods. See Jaramilo v. Colvin, 184 F. Supp. 3d 1086, 1093 (D.N.M. 2015); see also Asbury v. Comm'r Soc. Sec., 83 F. App'x 682, 686 n.3 (6th Cir. 2003).

The ALJ's analysis of the Second Application was based on medical evidence generated between the period June 2013 through January, 2016, with a singular reference to June 2010 as part of a cumulative notation that Plaintiff had previously been admitted to Aspire mental health facilities (Tr. 728-732) ("With regard to the claimant' affective disorder, the Aspire mental health notes for the period of June 2010 through March 2015 show Baker Act [a]dmissions for posttraumatic stress disorder …"). The ALJ's post-remand denial of disability on the First Application was based on medical records dated January 1, 2007 through October 7, 2014 (Tr. 631- 641). In reaching a determination on the First Application after it was remanded, the ALJ was not bound by the outcome of the Second Application. Jaramilo, 184 F. Supp. 3d at 1093; Shaw v. Berryhill, Case No. 1:16-cv-285-LF, 2017 WL 4119617, at * 2 n. 5 (D.N.M. Sept. 15, 2007) ("Approval of a subsequent claim does not invade the period previously adjudicated by the ALJ decision … Therefore, the approval of Mr. Shaw's second application is not determinative of the question of disability in his first application.").

The requirement of SSR 83-20 would only be triggered if the evidence had supported a finding of disability on the First Application. Klawinski, 391 F. App'x at 776. The ALJ's adverse ruling is supported by the weight of the record evidence and Plaintiff

has failed to direct the Court's attention to any contrary evidence (the ALJ concluded that Plaintiff's impairments did not preclude all substantially gainful activity for the period prior to October 13, 2014, after reviewing medical treatment notes, mental health records, objective medical evidence, documented social functioning, and Plaintiff's historical response to medication therapy) (Tr. 631-641). Plaintiff has not posed any other challenge to the ALJ's ultimate decision or alleged what – if any – prejudice[7] she sustained as a result of the ALJ's ruling.

## Recommendation

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Commissioner's final decision in this case be **AFFIRMED,** and that the Clerk be directed to enter judgment accordingly and **CLOSE** the file.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

---

[7] It is well settled that even if an administrative error is found, it does not warrant reversal unless the plaintiff establishes that she was prejudiced by the mistake. See Kelly v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985) ("[A] showing of prejudice must be made before we will find that a hearing violated claimant's rights of due process and requires a remand to the Secretary for reconsideration.") (citing Smith v. Schweiker, 677 F.2d 826, 829 (11th Cir. 1982); Ware v. Schweiker, 651 F.2d 408, 413-414 (5th Cir. Unit A 1981)); Morales v. Comm'r Soc. Sec., Case No. 6:16-cv-1303-Orl, TBS, 2017 WL 4297280, at *3 (M.D. Fla. June 6, 2017). In other words, the plaintiff must show that but for the ALJ's mistake, the evaluation of the cumulative evidence would have resulted in a favorable disability decision. Cf. Snell v. Comm'r Soc. Sec., Case No. 6:12-cv-1542-Orl-22TBS, 2013 U.S. Dist. LEXIS 185166, at *9 (M.D. Fla Dec. 6, 2013) (The ALJ's error must result in prejudice, such that had the ALJ done things differently, the residual functional capacity consideration, and ultimate disability decision, would be different); Gallegos v. Comm'r Soc. Sec., Case No. 6:17-cv-620-Orl-40TBS, 2018 U.S. Dist. LEXIS 75771, at *11 (M.D. Fla. April 19, 2018); Duran v. Comm'r Soc. Sec., Case No. 6:17-cv-428-Orl-40TBS, 2018 U.S. Dist. LEXIS 27571, at *11 (M.D. Fla. Feb. 5, 2018).

**RECOMMENDED** in Orlando, Florida on August 8, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record